## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BARRI BOLDEN**, an individual, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.: |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| **SUNBEAM PRODUCTS, INC.**, | : |
| a Florida Corporation, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, **BARRI BOLDEN**, (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER,** PLLC, hereby submits the following Complaint and Demand for Jury Trial against Defendant **SUNBEAM PRODUCTS, INC.** (hereinafter referred to as "Defendant Sunbeam" and "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.  Defendant Sunbeam Products, Inc. (hereinafter generally referred to as "Defendant Sunbeam") designs, manufactures, markets, imports, distributes, and sells a wide-range of consumer products, including the subject "Crock-Pot Express Crock Multicooker," which specifically includes the Model Number SCCPPC600-V1 (hereinafter referred to as "Pressure Cooker(s)").

1

2. Defendant Sunbeam touts that its Pressure Cookers are designed with "safety in mind,"[1] and include supposed "safety measures"[2] such as "safety sensors"[3] that purport to keep the lid from being opened while the unit it is under pressure.

3. Despite Defendant Sunbeam's claims of "safety," it designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4. Specifically, said defects manifest themselves when, despite Defendant Sunbeam's claims to the contrary, the lid of the Pressure Cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the Pressure Cooker retained pressure, causing her serious and substantial bodily injuries and damages.

5. On November 24, 2020, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendant Sunbeam's SCCPPC600-V1 pressure cookers, which includes the subject pressure cooker, after receiving "**119 reports of lid detachment, resulting in 99 burn injuries ranging in severity from first-degree to third-degree burns**."[4]

---

[1] *See* Sunbeam Products, Inc. Crock-Pot Express Crock Multicooker Owner's Manual, pg. 10, attached hereto as Exhibit A.
[2] *Id*.
[3] *Id*.
[4] *See* the CPSC Recall Notice from November 24, 2020 (https://www.cpsc.gov/Recalls/2020/crock-pot-6-quart-express-crock-multi-cookers-recalled-bysunbeam-products-due-to-burn#), a copy of which is attached hereto as Exhibit B.

6. Defendant Sunbeam knew or should have known of these defects but nevertheless put profit ahead of safety by continuing to sell its Pressure Cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to timely recall the dangerously defective Pressure Cookers despite the risk of significant injuries to Plaintiff and consumers like her.

7. Defendant Sunbeam ignored and/or concealed its knowledge of these defects in its Pressure Cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said Pressure Cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

8. As a direct and proximate result of Defendant Sunbeam's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF BARRI BOLDEN

9. Plaintiff is a resident and citizen of the City of West Haven, County of New Haven, State of Connecticut.

10. In or around December 2018, Plaintiff purchased a new Crock-Pot Electric Pressure Cooker, Model Number SCCPPC600-V1, from Kohl's Department Store.

11. On or about August 12, 2019, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be rotated and opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred as a result of the failure of the Pressure Cooker's supposed "safety measures," which purport to keep the consumer safe while using the Pressure Cooker. In

addition, the incident occurred as the result of Defendant Sunbeam's failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT SUNBEAM PRODUCTS, INC.

12. Defendant Sunbeam designs, manufactures, markets, imports, distributes, and sells a variety of consumer kitchen products[5] including, *inter alia*, pressure cookers, toasters, panini makers, and mixers.

13. Defendant Sunbeam claims to "[provide] total wellbeing solutions for living a healthy, lively and fulfilling life"[6] and boasts that it has "provided convenient solutions to make everyday life better"[7] for "over 100 years."[8]

14. Defendant Sunbeam is a Delaware Corporation with its registered place of business at 1293 North University Drive, #322, City of Coral Springs, Broward County, Florida 33071 and its principal place of business located at 2381 Executive Center Drive, City of Boca Raton, Palm Beach County, Florida 33431.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction as prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident and citizen of this district.

17. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has

---

[5] *See generally*, https://www.sunbeam.com/ (last accessed July 26, 2022).
[6] *See*, https://www.newellbrands.com/our-brands/sunbeam (last accessed July 26, 2022).
[7] *Id*.
[8] *Id*.

sufficient minimum contacts with the State of Florida and intentionally availed itself of the markets within Florida through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

18. Defendant Sunbeam is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the Pressure Cookers at issue in this litigation.

19. Defendant aggressively warrants, markets, advertises, and sells its Pressure Cookers as "an ideal way to create quick, flavorful meals"[9] that is "perfect for busy families, those on the run and those who need flexible meal times."[10]

20. In the Owner's Manual accompanying each individual unit sold, Defendant Sunbeam claims that the Pressure Cooker "has been designed with safety in mind and has various safety measures."[11]

21. For instance, Defendant Sunbeam claims that its pressure cookers include "safety sensors"[12] to keep the lid from being opened while the unit is under pressure; that "[p]ressure will not build if the Lid is not shut correctly and has not sealed"[13]; and that "[o]nce the pressure increases, the Lid cannot be opened."[14]

22. In addition to the "safety measures" listed in the manual, Defendant Sunbeam advertised on its Crock-Pot website that consumers could "cook with confidence" because the "airtight locking lid remains locked while pressure is inside the unit."[15]

---

[9] *See* Sunbeam Products, Inc. Crock-Pot Express Crock Multicooker Owner's Manual, pg. 16.
[10] *Id*.
[11] *Id*. at pg. 10.
[12] *Id*.
[13] *Id*.
[14] *Id*.
[15] *See* https://www.crock-pot.com/multi-cookers/express-crock/crock-pot-6-quart-express-crock-multi-cooker/SCCPPC600-V1.html (last accessed March 28, 2022).

23. On November 24, 2020, the Consumer Products Safety Commission ("CPSC") announced a recall of more than 900,000 of Defendant Sunbeam's SCCPPC600-V1 pressure cookers, which includes the subject pressure cooker, after receiving "**119 reports of lid detachment, resulting in 99 burn injuries ranging in severity from first-degree to third-degree burns**."[16]

24. By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the Pressure Cooker with the reasonable expectations that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

25. Plaintiff used her Pressure Cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by Defendant Sunbeam.

26. However, the aforementioned Pressure Cooker was defectively designed and manufactured by Defendant Sunbeam in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the Pressure Cookers.

27. Defendant Sunbeam's Pressure Cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

28. Further, Defendant Sunbeam's representations about "safety" are not just misleading, they

---

[16] *See* the CPSC Recall Notice from November 24, 2020 (https://www.cpsc.gov/Recalls/2020/crock-pot-6-quart-express-crock-multi-cookers-recalled-bysunbeam-products-due-to-burn#), a copy of which is attached hereto as Exhibit B.

are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

29.     Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

30.     As a direct and proximate result of Defendant Sunbeam's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous Pressure Cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

31.     Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant Sunbeam's Pressure Cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

32.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33.     At the time of Plaintiff's injuries, Defendant Sunbeam's Pressure Cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

34.     Defendant Sunbeam's pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendant.

35.     Plaintiff and her family did not misuse or materially alter the Pressure Cooker.

36. The Pressure Cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

37. Further, a reasonable person would conclude that the possibility and risk of serious harm outweigh the burden or cost of making the Pressure Cookers safe. Specifically:

   a. The Pressure Cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

   c. Defendant Sunbeam failed to properly market, design, manufacture, distribute, supply, and sell the Pressure Cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant Sunbeam failed to warn and place adequate warnings and instructions on the Pressure Cookers;

   e. Defendant Sunbeam failed to adequately test the Pressure Cookers; and

   f. Defendant Sunbeam failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiffs' injuries and damages.

38. Defendant Sunbeam's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Sunbeam for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT II
## NEGLIGENCE

39. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

40. Defendant Sunbeam had a duty of reasonable care to design, manufacture, market, and sell non-defective Pressure Cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

41. Defendant Sunbeam failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale, and marketing of its Pressure Cookers in that Defendant knew or should have known that said Pressure Cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

42. Defendant Sunbeam was negligent in the design, manufacture, advertising, warning, marketing, and sale of its Pressure Cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its Pressure Cookers through television, social media, and other advertising outlets; and

   d. Was otherwise careless or negligent.

43. Despite the fact that Defendant Sunbeam knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its pressure cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant Sunbeam for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of this action and interest, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's Pressure Cooker;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case; and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

Dated: July 27, 2022

**JOHNSON BECKER, PLLC**

*/s/ Lisa A. Gorshe, Esq.*
Lisa A. Gorshe, Esq. (FL #122180)
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
lgorshe@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiffs***